IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DELANEY,

                              Plaintiff,

                                                  CIVIL ACTION
                vs.                               No. 04-3293-SAC

CORRECT CARE SOLUTIONS, et al.,

                              Defendants.


ORDER

     Plaintiff proceeds pro se on a complaint filed under 42
U.S.C. 1983 while he was a prisoner confined in the El Dorado
Correctional Facility (EDCF) in El Dorado, Kansas.[1]  Plaintiff
seeks damages from the Kansas Department of Corrections (KDOC)
and Correct Care Solutions (CCS) for their alleged denial of
necessary and appropriate medical treatment for Hepatitis C.  By
an order dated September 27, 2004, the court directed plaintiff
to document full exhaustion of administrative remedies on his
claims to avoid dismissal of the complaint without prejudice
pursuant to 42 U.S.C. 1997e(a).   The court also directed
plaintiff to show cause why KDOC should not be dismissed as a
defendant because any claim for damages against this state agency
would be barred by the Eleventh Amendment.

     In response, plaintiff amended his complaint[2] to drop KDOC

_____

     [1]The record reflects that plaintiff currently resides in
North Carolina.

     [2]Plaintiff's motion (Doc. 7) to amend the complaint is
granted.  *See* Fed.R.Civ.P. 15(a) (plaintiff may amend complaint

as a defendant, and to name four KDOC employees in their official and individual capacities.[3]  Plaintiff also provided extensive materials regarding the presentation of his claims to prison officials.

Having carefully reviewed this material, the court finds plaintiff's inmate staff requests, grievances, appeals, letters, affidavits, requests for information, and other documents are insufficient to demonstrate plaintiff's full exhaustion of administrative remedies on the issues asserted in the complaint. *See* Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003)(plaintiff has burden to sufficiently plead exhaustion of grievance proceedings), *cert. denied* 125 S.Ct. 344 (2004).  Only seven of plaintiff's numerous inmate staff requests developed into formal administrative grievances, and only two of those received full appellate review by the KDOC Secretary.[4]

_____

"once as a matter of course" prior to defendants filing their response to the complaint).

[3]Plaintiff amended the relief being sought as including assorted injunctive relief.  Plaintiff's release from EDCF confinement moots this request.  *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).  *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

[4]In one (Grievance #12190), plaintiff complained that CCS staff was not following prison regulations regarding plaintiff's review his medical records.  The Secretary found no action was warranted because plaintiff cited no specific requests.

In the second (Grievance #12152), plaintiff complained of misconduct by a CCS nurse regarding plaintiff's outside medical appointment in July 2004.  The Secretary upheld the administrative response which acknowledged possible mis-communication regarding this specific medical appointment.

Significantly, plaintiff failed to file grievances and/or pursue full administrative review on any allegations regarding the denial of specific treatment for Hepatitis-C.

The court thus concludes the amended complaint should be dismissed without prejudice.  Plaintiff's pending motions for leave to proceed in forma pauperis (Doc. 2), for orders requiring production of documents (Docs. 5 and 6), and for appointment of counsel (Docs. 8 and 9) are denied as moot.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint (Doc. 7) is granted, and that the Kansas Department of Corrections is dismissed as a defendant in this matter.

IT IS FURTHER ORDERED that the amended complaint is dismissed without prejudice, pursuant to 42 U.S.C. 1997e(a).

IT IS FURTHER ORDERED that plaintiff's motions (Docs. 2, 5, 6, 8, and 9) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 21st day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3